### In re GOLDEN DISTRIBUTORS, LTD., et al., Debtors.

### METROPOLITAN DISTRIBUTION SERVICES, INC., Appellant,

### v.

### LOCAL 153 OPEIU, Teamsters Local 560, Local 332, I.U.E., and Local 331, Appellees.

### No. 92 Civ. 0368 (CLB).

### United States District Court, S.D. New York.

### July 27, 1992.

Ira G. Greenberg, Summit Solomon & Feldesman, New York City, for appellant.

David Grossman, Schneider, Cohen, Solomon, Leder & Montalbano, Cranford, NY, for defendant Local 153 OPEIU, Teamster Local 560.

David Tykulsker, Ball, Livingston & Tykulsker, Newark, NJ, for defendant Local 332 I.U.E.

### MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

Debtor–Appellant Metropolitan Distribution Service, Inc. appeals from a final order of the Hon. Howard Schwartzberg, Bankruptcy Judge, filed on December 17, 1991 which determined the priority of benefit claims of former employees of the debtor.

The Bankruptcy Court held that claims of non-union employees for severance pay are allowed under Section 503(b) and constitute administrative expenses pursuant to Section 507(a)(1), where the termination occurred after the bankruptcy filing date and even though the calculation of such pay is based, in part, upon pre-petition service. 11 U.S.C. §§ 503(b), 507(a)(1) (West 1979 & Supp.1992). With respect to the vacation and severance pay claims of union employees, the Bankruptcy Court held that such claims are to be treated as priority claims

---

equivalent to administrative expenses under Section 1113(f), which for all practical purposes, creates a super-priority for post-petition payments due under a collective bargaining agreement. *See* Transcript November 7, 1991 Transcript of Hearing; Decision dated November 15, 1991. Notwithstanding, the Bankruptcy Court held that the payment of those claims are subject to the payment of claims by post-petition lenders. 11 U.S.C. § 364(c)(1).

While appellant Metropolitan acknowledges that severance pay earned as a result of employment after the bankruptcy filing date should be treated as an administrative expense pursuant to 11 U.S.C. § 503(b), appellant contends that the Bankruptcy Court erred in holding that severance pay earned as a result of employment before the filing date should be treated as a general unsecured claim, except to the extent it was earned within ninety days before the filing date but subject to the $2,000 limit on all such claims. *See* 11 U.S.C. § 507(a)(3). Debtor Metropolitan also assigns as error the Bankruptcy Court's conclusion that Section 1113(f) creates a super-priority for the Union members' post-petition claims for vacation and severance pay, subordinate only to the claims of post-petition lenders. *See* 11 U.S.C. § 364(c)(1).

As the issues raised on appeal only pertain to the Bankruptcy Court's conclusions of law, all relevant facts having been stipulated to, this Court's review is *de novo*. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988–989 (2d Cir.1990), *cert. denied., sub. nom., Air Line Pilots Ass'n, Int'l v. Shugrue*, —— U.S. ——, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991).

Appellant Metropolitan and appellee Labor Unions agree that those portions of vacation pay that accrued after the filing date are administrative expenses under 11 U.S.C. § 503(b) because they are based upon post-petition employment and are necessary for the preservation of the estate. They also agree that these claims are subordinate to the claims of the debtor's post-petition lenders pursuant to 11 U.S.C. § 364(c)(1).

Appellee Unions maintain that the Bankruptcy Court correctly determined that severance pay claims, in their entirety, should be treated as administrative expenses. Appellees also maintain that vacation pay, whether based upon pre-petition or post-petition services, should be treated as administrative expense under 11 U.S.C. § 1113(f), which creates an administrative priority for all benefits authorized under a collective bargaining agreement.

The opinion of Bankruptcy Judge Schwartzberg dated November 15, 1991, 134 B.R. 760, is simplicity itself. As the Bankruptcy Court observed:

> At issue in this proceeding are ... severance and vacation pay which are claimed to be due to former employees of Metropolitan's East Hanover facility. The debtor's general corporate policy and the collective bargaining agreements are substantially similar with respect to these benefits. Under both plans, the benefits in question vest in the same way. Severance and vacation pay increase according to length of service....

November 15, 1991 Decision, at 4.

The Bankruptcy Court concluded, in accordance with well known and formally accepted precedent, that benefits such as vacation and severance pay as forms of wages, are allowable as expenses necessary for the preservation of the estate when earned post-petition. The severance pay for terminated employees likewise is a cost of carrying on business, and constitutes an administrative expense when the severance occurs post-petition. This is so, even if severance pay is calculated by formula according to an employee's length of employment, including service which was primarily pre-petition.

The Bankruptcy Judge believed that the Court was bound by clear Second Circuit case law, to the effect that severance pay, in its entirety, is entitled to first priority administrative expense status for the reason that severance pay is compensation for the event of termination and unlike wages, does not accrue on a per diem basis, citing *Straus–Durparquet, Inc. v. Local Union No. 3 IBEW*, 386 F.2d 649, 650 (2d Cir. 1967) followed in Code cases such as *Trust-*

*ees of Amalgamated Insurance Fund v. McFarlin's, Inc.*, 789 F.2d 98 (2d Cir.1986). That other Circuits may have decided differently is, as the Bankruptcy Judge correctly noted, of little concern to the resolution of the matter.

The Bankruptcy Court also believed that the rights of union members to severance and vacation pay which arise under collective bargaining agreements are regulated by 11 U.S.C. § 1113(f) which, in effect, creates a super-priority for post-petition payments due under such agreements. 11 U.S.C. § 1113(f) (West 1979 & Supp.1992). In determining that vacation and severance payments are treated as priority claims equivalent to administrative expenses, the Bankruptcy Judge was guided by the plain language of the statute, as well as its legislative history.

That section reads, in relevant part, as follows:

(a) The debtor in possession ... may ... reject a collective bargaining agreement only in accordance with the provisions of this section.

\*  \*  \*  \*  \*  \*

(f) No provision of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement, prior to compliance with the provisions of this section.

11 U.S.C. § 1113.

Enacted as a congressional reaction to the unfortunate result in the case of *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), Section 1113 intended to provide the only manner and procedure by which a debtor, in reorganization, could elude the provision of a collective bargaining agreement. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 990 (2d Cir.1990) ("Section 1113 governs the means by which a debtor may assume, reject or modify its collective bargaining agreement."). Concededly in this case, debtor did not exercise its options under Section 1113, and the collective bargaining agreements remain in full force. The only way that the intended result of full performance of the collective bargaining agreement can be assured, is if claims arising under the collective bargaining agreement, are treated as administrative expenses.

There is perhaps some logical difficulty with this broad conclusion. We are however, now, in an era where the plain language of the statute carries greater weight with the Court than the prior practice of focusing merely on the evil sought to be remedied. It must be obvious that it is not necessary to make severance pay claims earned pre-petition and post-petition administrative claims, or grant them super priority in order to elude *Bildisco*. However, this issue has been considered by the Court of Appeals of the Second Circuit, in *In re Ionosphere Clubs, Inc.*, 922 F.2d 984 (2d Cir.1990). In that case, the Court of Appeals held:

Subsection 1113(f) evinces an intent that other provisions of the Bankruptcy Code are inoperable to the extent that they allow a debtor to bypass the requirements of Section 1113.

922 F.2d at 989.

This construction has been followed in the Second Circuit, and it is too late to argue as appellant does here, and persuasively, that the broad construction given to this statute is not consistent with congressional intent at the time.

The order appealed from is affirmed.

SO ORDERED.